No. DA 06-0215

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 52N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

TODD SPENCE,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Jefferson, Cause No. DC 99-1661,
The Honorable Loren Tucker, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

            Todd Spence (pro se), Deer Lodge, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant Attorney General, Helena, Montana

            Mathew J. Johnson, County Attorney, Boulder, Montana

_____

Submitted on Briefs:  January 10, 2007

Decided:  February 27, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Todd Spence appeals from an order of the Fifth Judicial District Court, Jefferson County, denying his motion for an order that he is not required to pay restitution on a discharged sentence. We affirm.

¶3 In June and July 1999, Spence issued four bad checks in the total amount of $2,240.00. On February 7, 2000, Spence plead guilty to Issuing a Bad Check, a felony. The District Court sentenced Spence to three years at Montana State Prison, suspended subject to the performance of conditions including payment of restitution pursuant to § 46-18-241(1), MCA (1997). Spence immediately violated the conditions of his suspended sentence. The District Court resentenced him in April 2002. In its re-sentencing order the District Court required all terms and conditions to remain in full force and effect--including payment of restitution. Spence's sentence originally entered in 2000, based on 1999 offences, has been discharged. Spence is currently incarcerated on other offenses. Department of Corrections is collecting one-third of Spence's prison wages to pay restitution on the 2000 sentence.

¶4 Section 46-18-241(1), MCA, which authorizes a court to impose a restitution obligation, was amended by the 2003 legislature. Spence argues that requiring him to pay restitution is an ex post facto application of the law because the restitution statute was amended after he committed the offense and was sentenced. Spence challenges neither the District Court's ability to require full restitution on a discharged sentence, nor the determination by the District Court that there has been no good reason stated for relief from the obligation to pay restitution.

¶5 This Court has held that a law is ex post facto if it:

> (1) punishes as a crime an act which was not unlawful when committed; (2) makes punishment for a crime more burdensome; or (3) deprives [a] person charged with a crime of any defense available under the law at the time the act was committed.

*State v. Mount*, 2003 MT 275, ¶ 24, 317 Mont. 481, ¶ 24, 78 P.3d 829, ¶ 24 (citing *Langford v. State*, 287 Mont. 107, 114, 951 P.2d 1357, 1361 (1997)).

¶6 Restitution is not punishment. Restitution is a civil remedy administered for judicial convenience. *State v. Field*, 2005 MT 181, ¶ 29, 328 Mont. 26, ¶ 29, 116 P.3d 813, ¶ 29 (2005). Both the 1997 and the 2003 versions of § 46-18-241, MCA, state that an offender's obligation to make restitution continues until it is paid in full. The adoption of the 2003 amendments to § 46-18-241, MCA, did not (1) result in the charge of an additional crime which was not unlawful when committed, (2) increase the punishment burden, or (3) deprive Spence of a defense available under the law.

¶7 The facts in this case are not contested. It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

3

¶8     Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE